## Case No. 17,981.

### WOODMAN PEBBLING–MACH. CO. v. GUILD et al.

[4 Cliff. 185.] [1]

Circuit Court, D. Massachusetts. May Term, 1872. [2]

#### PATENT FOR INVENTION.

This case was regarded as controlled by the principles of the decision in Stimpson v. Woodman, 10 Wall. [77 U. S.] 120, otherwise the court would have ordered a decree for the complainants.

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Reversed in 154 U. S. 597.]

Bill in equity [by Woodman Pebbling-Machine Company against Charles H. Guild and others] for infringement of letters-patent No. 42,136, date March 27, 1864, for ornamenting leather. The nature of the invention was stated to consist of producing the pebbled or boarded grain or finish on leather, by subjecting it to the pressure of a short revolving cylinder or roller, of steel or other suitable metal, having the desired design or figure engraved on its periphery; also of certain mechanical devices for managing the roller, and accomplishing the object with rapidity and cheapness.

The following is an extract from the descriptive portion of the schedule annexed to the letters-patent:—"A is a wooden table, about four feet and six inches long and five inches wide, the two ends of which slide up and down freely in vertical slots in the uprights, G and H, as shown in Fig. 1. The upper surface of this table, on which the leather to be 'boarded' or 'pebbled' is placed, is the arc of a circle whose centre is at J, at the top of the pendulum I. This table, when the roller Z is going back over it, is lowered, and rests on three strips of rubber W W W placed upon the stationary beam B, the extremities of which are framed into the uprights G and H. The rubber strips W are also designed to prevent noise and jar when the table descends." The claim was as follows:—"I do not claim embossing by means of two or more cylinders working together; but what I do claim as new, and desire to secure by letters-patent, is: First. Boarding or pebbling skins or leather by means of a single short cylinder rolling over a table, with requisite pressure, substantially as described. I also claim raising and lowering the table A by means of the toggles Q, arm S, spring U, arm T, and cam P, or their equivalent, substantially as set forth, and for the purpose described."

T. L. Wakefield, for complainants.

Geo. L. Roberts and B. R. Curtis, for respondents.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Irrespective of the decision of the supreme court in the case of Stimpson v. Woodman, 10 Wall. [77 U. S.] 120, the court here would be of the opinion that the complainants are entitled to a decree that their patent is valid, and for an account and an injunction; but we are both of the opinion that the case is controlled by the principles of that decision, and that the bill of complaint must be dismissed with costs.

[The judgment in this case was reversed by the supreme court by stipulation of the parties. See 154 U. S. 597, 14 Sup. Ct. 1216. For other cases involving this patent, see Stimpson v. Woodman, 10 Wall. (77 U. S.) 117; Woodman v. Stimpson, Case No. 17,979.]